IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Robert Fraker, :

    Plaintiff, :

  v. : Case No. 2:08-cv-58

Marysville Exempted Village : JUDGE SARGUS
Schools, et al.,
     :
    Defendants.

ORDER

There are two motions pending in this case relating to initial disclosures or discovery. The purpose of this order is to resolve both motions.

I.

On October 16, 2008, defendants filed a motion to compel plaintiff to make initial disclosures. The motion noted that the parties had agreed to make those disclosures (which are required by Fed.R.Civ.P. 26(a)(1)) by September 12, 2008; that defendants complied with that agreement; and that plaintiff did not. In the motion, defendants' counsel also represented that they had tried to get plaintiff to make these disclosures by contacting his attorney, but that the attorney never responded to their letter. As a result, they had to file a motion. They asked for an award of attorneys' fees for being forced to do so. See Fed.R.Civ.P. 37(a)(5), which reads, in pertinent part, that "[i]f the motion [to compel disclosures] is granted - or if the disclosure ... is provided after the motion was filed - the court must, after giving an opportunity to be heard, require the party ... whose conduct necessitated the motion, the party or attorney advising that conduct, or both, to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." The

rule also provides that such an award must not be made if one of three excusing circumstances is present.

Plaintiff requested, and was granted, an extension of time to respond to the motion. As it turns out, he also served his disclosures on October 31, 2008. That fact first appeared on the record when plaintiff filed a notice of compliance on December 3, 2008. In the meantime, the Court had issued an order on November 25, 2008, which, among other things, granted plaintiff an opportunity to be heard on the question of expenses and attorneys' fees. The order specifically said that in plaintiff's response, "he shall specifically address why he failed to make the initial disclosures which are required and why he failed to confer with opposing counsel about that matter prior to the filing of a motion to compel." Order of November 25, 2008 (Doc. #20), at 1-2.

The day after plaintiff filed his notice of compliance, defendants filed a reply brief in support of their motion. In it, they note, first, that plaintiff's damage disclosure does not comply with Rule 26(a)(1), and they ask the Court to order a further disclosure on this issue. Second, they point out that the notice of compliance does not contain any information about why plaintiff neither made his initial disclosures in a timely fashion, nor why his counsel did not respond to the efforts undertaken by their counsel to resolve the issue without the need to file a motion. Plaintiff has not filed anything else on this issue, perhaps because the Court's Local Civil Rules ordinarily do not permit any briefs to be filed on a motion beyond the movant's reply.

The Court will address these two points separately. Rule 26(a)(1) requires, among other things, that any party who claims damages must make an initial disclosure of "a computation of each category of damages claimed" and must make available to the

opposing party "the documents or other evidentiary material ... on which each computation is based ...." Plaintiff's damages disclosure does not comply with the Rule. It simply states that he will claim damages for lost wages and attorneys' fees, without providing any dollar figures for either. Plaintiff was asked to supply these details, but, according to defendants' counsel, refused to do so, giving as his reason the fact that defendants had any records pertaining to lost wages in their possession.

The Court agrees with defendants that this response is inadequate. Although defendants may know what they were paying Mr. Fraker while they employed him, they would have no way of knowing how much money he has made after he was terminated, and any such earnings would affect his claim for lost wages. They would also have no way of knowing how much he spent on the attorneys' fees which make up part of his damages claim (and which presumably are not the fees he is incurring in this case, since those would be the subject of a motion for an award of fees filed after judgment, should he prevail here, and so do not make up an element of his damages). Finally, documents relating to both of these matters - any interim earnings, and any attorneys' fees he is claiming as damages - would not be in defendants' possession. Therefore, the defendants are entitled both to a disclosure of a damage computation which complies with Rule 26(a)(1)(A)(iii) and to inspect any supporting documents. Plaintiff will be directed to provide that disclosure, and access to those documents, within fifteen days. He is reminded that, as Fed.R.Civ.P. 37(c)(1) states, if a party does not supply information as required by Rule 26(a), the party may not use that information at trial.

As to the second issue raised in the reply brief, defendants correctly point out that, to date, plaintiff has not explained either his tardiness in making initial disclosures or why he did

not respond to the letter of September 22, 2008, reminding him that the disclosures were overdue. As quoted above, Rule 37(a)(5) states that the Court **must** give the moving party its expenses and attorneys' fees if the disclosure is not made until after the motion is filed unless there is a specific reason not to do so. The three reasons given in the Rule are: (1) that the moving party did not make a good faith effort to obtain the disclosures prior to filing the motion; (2) the failure to provide the disclosures in a timely fashion was "substantially justified"; or (3) there are "other circumstances" which would "make an award of expenses unjust."

The record demonstrates that defendants did make a good faith effort to obtain the disclosures before filing their motion, so the first reason for denying their request for expenses does not apply. The second and third reasons require some explanation from the party whose disclosures were late. Mr. Fraker and his counsel have not provided that explanation, despite being ordered to do so by the Court, and despite the filing of defendants' reply pointing out that failure.

The Court believes that it has complied with Rule 37(a)(5) by giving Mr. Fraker an opportunity to be heard on this issue. However, out of an abundance of caution, and a reluctance to impose sanctions unless they are mandated by Rule, the Court will grant him an additional opportunity to provide an explanation for the failure which would permit the Court not to award sanctions. He shall do so, by way of a signed affidavit, within fifteen days. If he concludes that he cannot, in good faith, justify both his failure to make his initial disclosures on time and his failure to respond to the letter of September 22, 2008, requesting those disclosures, he may, as an alternative, contact defendants' counsel and make arrangements to pay the reasonable expenses incurred in filing the motion to compel. If he chooses

to do so, he shall file a notice with the Court within fifteen days.  Otherwise, the Court will assume that there will be no response to this order, and it will award sanctions contingent upon defendants' filing of an itemization of expenses.

II.

Defendants' second motion takes issue with the adequacy of Mr. Fraker's responses to certain requests for admission.  Most of the answers with which defendants are dissatisfied assert that the question itself is too vague, unclear, or irrelevant.  One refers to a prior answer but defendants are unsure of which prior answer was meant because, for some reason, plaintiff renumbered the requests before responding to them.  Mr. Fraker has not responded to this motion.  The last date for filing a timely response was December 12, 2008.

Given Mr. Fraker's failure to respond to the motion, the Court has no arguments in front of it concerning why the answers which defendants challenge are, in fact, sufficient.  Further, it appears that most of them are not.  The requests (which, by the way, are not attached to defendants' motion, but which appear in the record as docket #10), do contain a specific time frame, which is one of the objections, and their language does not appear to be vague.  When faced with insufficient responses, the Court may simply order that the requests be deemed admitted.  Fed.R.Civ.P. 37(a)(1)(6).  That is the relief which defendants have requested, and, again, given Mr. Fraker's failure to respond to the motion or to request an opportunity to serve an amended response, the Court has no reason not to grant defendants' request.  Therefore, the requests at issue will be deemed admitted.

III.

For the foregoing reasons, the Court orders the following:
1.  The motion to compel disclosures (#9) is granted.

Within fifteen days, plaintiff shall provide a proper disclosure concerning his damages claim and provide access to the documents supporting that claim. In the same time period, he shall either file an affidavit explaining his failure to have made timely disclosures and his failure to respond to the letter of September 22, 2008, requesting those disclosures, or he shall agree to pay the reasonable expenses which were incurred by defendants in filing the motion.

    2. The motion to determine the sufficiency of plaintiff's answers to defendants' requests for admission (#18), unopposed by plaintiff, is granted. The following requests for admission (as originally numbered by plaintiff) are deemed admitted: #s 7 and 18-22.

IV.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp  
United States Magistrate Judge